# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| MOHAMMAD AMIN | : | Chapter 7 |
| Debtor | : | Case No. 13-17039 |
| LLOYD B. WING, JR. | : | |
| vs. | : | Adversary No. |
| MOHAMMAD AMIN | : | |

## COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. §727

Lloyd B. Wing, Jr. (the "Plaintiff"), a creditor of the Debtor, Mohammad Amin (the "Debtor")[1], pursuant to Section 727 of Title 11 of the United States Code (the "Bankruptcy Code"), hereby brings this Complaint Objecting to the Discharge of the Debtor (the "Complaint"). In support of this Complaint, Plaintiff respectfully avers as follows:

## JURISDICTION

1. This is an adversary proceeding brought by the Plaintiff pursuant to Rule 7001, *et seq.*, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and pursuant to Section 727 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(J).

3. Venue is proper in this Court pursuant to Section 1408 *et seq.* of Title 28 of the United States Code.

---

[1] This is without prejudice to Plaintiff's right to file a claim and/or complaint for fraudulent transfers pursuant to 12 Pa. C.S. § 5101 *et seq.*



## FACTS

4.  On August 12, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

5.  Plaintiff is a creditor of the Debtor and holds an unsecured claim against Debtor in an amount not less than $5,670.62 (*See* Claim No.7-1).

6.  Prior to the Petition Date, Plaintiff and Debtor, among others, were litigants in litigation originally filed by Plaintiff against the Debtor in the Municipal Court of Philadelphia (Docket #SC13-01-17-4923) for negligence and breach of contract claims. Judgment was entered in favor of Plaintiff and against Debtor.

7.  On June 20, 2013, Debtor appealed the judgment *de novo* to the Philadelphia County Court of Common Pleas ("CCP Court") at Case No.13-0602641 (the "CCP Litigation"). (*See* Exhibit 1, CCP Litigation Dockets).

8.  On the Petition Date, the Debtor filed the Matrix listing his creditors, the Plaintiff was not included on this list.

9.  On August 25, 2013, the Debtor filed Schedules A through J (the "Original Schedules") (Dkt. No. 19) and Statement of Financial Affairs (the "Original Financial Statement," and together with Original Schedules the "Original Filings")(Dkt. No. 20).

10. The Debtor did not list the Plaintiff as a creditor or schedule the CCP Litigation in the Original Filings or provide him with any notice of the Debtor's bankruptcy case.

11. On September 18, 2013, the Chapter 7 Trustee held the scheduled 341 meeting of creditors ("First Meeting"). The Debtor failed to appear.

12. The Plaintiff learned of the Debtor's bankruptcy petition on September 17, 2013, and appeared at the First Meeting. At that time, Plaintiff, following a review of the Original Filings, advised the Chapter 7 Trustee that Debtor had failed to disclose the following on his Original Filings:

    a. Litigation against the City of Philadelphia relating to a condemnation of property owned by the Debtor for an amount in excess of $1 million (the "Condemnation Litigation");

    b. The alleged transfer of his business to his son prior to the date of his bankruptcy filing and Debtor's continued ownership in same;

    c. The purchase and ownership of property in Lansdowne, Pennsylvania;

    d. The purchase of a motor vehicle for his son;

    e. Debtor's interest in property located in Pakistan;

    f. The CCP case; and

    g. Attorney fees and costs related to the Condemnation Litigation.

13. On September 20, 2013, the Chapter 7 Trustee continued the Original Meeting to October 16, 2013 ("Continued Meeting"), and filed a Notice of Change from No-Asset to Asset Case and Request to Set a Bar Date (Dkt. No. 33).

14. Thereafter, the Chapter 7 Trustee filed an application to retain counsel in the Debtor's bankruptcy case (Dkt. 34) and application to retain as special counsel, Debtor's pre-petition counsel, in connection with the Condemnation Litigation (Dkt. 41).

15. On October 12, 2013, the Chapter 7 Trustee reported the meeting of creditors as pending and not concluded and requested that the Debtor amend his Original Filings and provide certain documents to her by November 1, 2013.

16. On October 7, 2013, Debtor, in spite of continuing the CCP Litigation in violation of the automatic stay imposed by Section 362 of the Bankruptcy Code, notified the CCP Court for the first time of his bankruptcy filing. (*See* Exhibit 1, CCP Litigation Dockets).

17. On October 12, 2013, the Debtor filed Amended Schedules and Statement of Financial Affairs (the "Amended Filings") (Dkt. Nos. 49 -52). In the Amended Filings, the Debtor disclosed for the first time the Condemnation Litigation, CCP Case, and Pakistan property.

18. Upon information and belief, the Debtor has failed to produce the documents requested by the Chapter 7 Trustee.

## COUNT I

## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)

19. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 18 of this Complaint, as if set forth in full herein.

20. The Court should deny the Debtor a discharge pursuant to 11 U.S.C. §727(a)(2).

21. Section 727(a)(2) of the Bankruptcy Code provides: The court shall grant the debtor a discharge, unless –

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>
> (A) property of the debtor, within one year before the date of the filing of the petition

11 U.S.C. §727(a)(2).

22. The Debtor, with intent to hinder, delay or defraud Debtor's creditors, the Court and the Chapter Trustee (who is charged with custody of Debtor's property under the

4

Bankruptcy Code), has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed property of Debtor's estate within one year before the Petition Date and after the Petition Date.

23.  The Debtor's conduct that precludes discharge under Section 727(a)(2) of the Bankruptcy Code is set forth above and includes, but is not limited to, upon information and belief Debtor's transfer of and failure to disclose such transfer of his business, certain real property, money, and motor vehicle to his son and/or others.

## COUNT II

### OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(3)

24.  The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23 of this Complaint, as if set forth in full herein.

25.  The Court should deny the Debtor a discharge pursuant to 11 U.S.C. §727(a)(3). Section 727(a)(3) of the Bankruptcy Code provides: The

court shall grant the debtor a discharge, unless –

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

11 U.S.C. §727(a)(3).

26.  Upon information and belief, the Debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information, including books, documents, records and papers, from which his financial condition or business transactions might be ascertained.

27. The Debtor's conduct that precludes discharge under Section 727(a)(3) is set forth above and includes, upon information and belief: (a) Debtor's failure to produce numerous categories of information and documents that have been requested by the Chapter 7 Trustee; (b) Debtor's failure to disclose his ownership interest in the residential property located at 14 Lexington Avenue, East Lansdowne, Pennsylvania (the "Lansdowne Property") and/or Debtor's transfer of funds to repair same; (c) Debtor's failure to disclose his interest in the Condemnation Litigation, absent disclosure by Plaintiff; and (d) Debtor's failure to disclose his continued interest in the business.

28. As a result of the aforementioned conduct of Debtor, denial of Debtor's discharge is appropriate and the Court should deny Debtor any discharge in the Chapter 7 Case pursuant to Section 727(a)(3) of the Bankruptcy Code.

## COUNT III

## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)

29. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 of this Complaint, as if set forth in full herein.

30. The Court should deny the Debtor a discharge pursuant to 11 U.S.C. § 727(a)(4).

31. Section 727(a)(4) of the Bankruptcy Code provides: The court shall grant the debtor a discharge, unless –

> the debtor knowingly and fraudulently, in or in connection with the case-
>
> (A) made a false oath or account; (B) presented or used a false claim;
> (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act: or (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books,

6

documents, records, and papers, relating to the debtor's property or financial affairs;

11 U.S.C. §727(a)(4).

32. The Debtor has knowingly and fraudulently, in or in connection with this Chapter 7 (a) made a false oath or account; (b) presented or used a false claim; and (c) withheld from the Court and the Chapter 7 Trustee (who is entitled to possession under the Bankruptcy Code), recorded information, including books, documents, records and papers, relating to Debtor's property or financial affairs.

33. The Debtor's conduct that precludes discharge under Section 727(a)(4) is set forth above and includes: (a) Debtor's failure to disclose his interest in the Condemnation Litigation, (b) Debtor's failure to disclose his interest in real property located in Pakistan, (c) Debtor's failure to disclose his interest in the Lansdowne Property; (d) Debtor's failure to disclose his continued interest in the business, and (e) upon information and belief, Debtor's failure to produce information and documents that have been requested by the Chapter 7 Trustee.

34. As a result of the aforementioned conduct of Debtor, denial of Debtor's discharge is appropriate and the Court should deny Debtor any discharge in the Chapter 7 case pursuant to Section 727(a)(4) of the Bankruptcy Code.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests entry of judgment on the Complaint as follows:

A. On Count I, judgment in favor of the Plaintiff denying the Debtor a discharge pursuant to 11 U.S.C. §727(a)(2);

B. On Count II, judgment in favor of the Plaintiff denying the Debtor a discharge pursuant to 11 U.S.C. §727(a)(3);

C. On Count III, judgment in favor of the Plaintiff denying the Debtor a discharge pursuant to 11 U.S.C. §727(a)(4);

D. Granting the Plaintiff such other and further relief as the Court deems just and proper.

_____
Lloyd B. Wing, Jr.

11/18/2013